**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5559

KENNETH LEE TURNER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 95-5907

CHUCKIE DALE WOOD,
Defendant-Appellant.

Appeals from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
N. Carlton Tilley, Jr., District Judge.
(CR-94-187)

Submitted: January 28, 1997

Decided: February 20, 1997

Before ERVIN, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lisa Costner, TISDALE, GRACE, MENEFEE & COSTNER, P.A.,
Winston-Salem, North Carolina; Marcia G. Shein, LAW OFFICE OF

MARCIA G. SHEIN, P.C., Atlanta, Georgia, for Appellants. Walter C. Holton, Jr., United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In 1994, a grand jury indicted Chuckie Dale Wood and Kenneth Lee Turner in a multi-count indictment charging drug conspiracies and related offenses.**1** Pursuant to a plea agreement, Wood pled guilty to Count One, conspiracy to distribute cocaine and marijuana (21 U.S.C. §§ 841(b)(1)(A), 846 (1994)), Count Two, conspiracy to distribute cocaine (21 U.S.C. §§ 841(b)(1)(A), 846), and Count Five, conducting financial transactions affecting interstate commerce with the proceeds of unlawful activity (18 U.S.C. §§ 2, 1956(a)(1)(B)(i) (1994)). Turner also pled guilty to Count One, pursuant to a plea agreement. Wood received a ninety-one-month prison term, and Turner received a sixty-month prison term. Both men appealed and their appeals were consolidated. In No. 95-5907, Wood contends that the district court erred by adjusting his sentence pursuant to United States Sentencing Commission, Guidelines Manual,§ 5G1.3(b) (Nov. 1994), after calculating his applicable guideline range but before granting a fifty percent reduction pursuant to U.S.S.G. § 5K1.1. In Appeal No. 95-5559, Turner alleges that, at sentencing, the district court improperly held him responsible for five to less than fifteen kilograms of cocaine. We find no merit to their claims; consequently, we affirm.

_____

**1** Wood was charged on all counts of the five-count indictment. Turner was charged only on one count.

2

Determining that Wood had an offense level of 33 and was in Criminal History Category VI, the district court calculated Wood's initial guideline range as 235 to 295 months. The court then credited Wood for fifty-two months he served on a related state conviction[2] by subtracting fifty-two from 235, the bottom of the guideline range, thereby reducing his sentence to 183 months. The court then reduced Wood's sentence by fifty percent, pursuant to U.S.S.G. § 5K1.1, for cooperating with the government, resulting in a final sentence of ninety-one months.

Wood does not challenge the court's calculation of his initial Guideline range or the court's decision to grant him a fifty percent reduction for cooperating with the government and credit for time served on his state sentence. He claims, however, that the district court should have applied the fifty percent sentence reduction under U.S.S.G. § 5K1.1 against the initial 235-month sentence, resulting in a 117.5 month sentence, and then, pursuant to U.S.S.G. § 5G1.3, should have adjusted Wood's sentence by granting the fifty-two-month credit for time served on the state conviction, resulting in a final sentence of "approximately 65.6 months."

Guideline section 5G1.3(b) provides that when a defendant is serving an undischarged prison term for an offense that has been taken into account in determining the defendant's offense level for the crime for which he currently is being sentenced, his current sentence should be imposed to run concurrent to the undischarged portion of the earlier sentence. This guideline section does not apply to Wood's case, because Wood had already finished serving his sentence for the state conviction. As Wood was not entitled to a§ 3G1.3 credit, the fifty-two-month credit he received amounted to a downward departure, which the government does not contest and that Wood does not have the right to challenge. United States v. Patterson, 38 F.3d 139, 146 (4th Cir. 1994), cert. denied, #6D6D 6D# U.S. ___, 63 U.S.L.W. 3817

---

[2] Wood served fifty-two months in North Carolina state prison for a 1984 conviction for trafficking cocaine. Wood contends that this conviction was for "conduct essentially comprising Count One of the [f]ederal indictment."

(U.S. May 15, 1995) (No. 94-7831). Because he was not entitled to the fifty-two-month credit, the district court's decision to apply the fifty-two-month credit before granting the fifty percent sentence reduction is not reviewable. Consequently, we affirm Wood's sentence.

Appeal No. 95-5559

At Kenneth Lee Turner's sentencing hearing, the government presented the testimony of co-defendant Terry Smith. Smith testified that for approximately two years, from 1988 to 1990, Turner bought one kilogram of cocaine from him every four to five weeks, totalling approximately eighteen to twenty kilograms of cocaine. Smith admitted that in the past he had lied to law enforcement agents about the drug activities of other individuals, stating that, out of fear for his family, he had understated the amounts of drugs they purchased from him. He also admitted to a prior perjury conviction and lying on his tax returns. Turner testified that he purchased cocaine only once from Smith and three times from co-defendant David Crews. Finding Smith's testimony more credible, the district court found Turner accountable for five to less than fifteen kilograms of cocaine for sentencing purposes. On appeal, Turner contends that the district court erred by finding Smith's testimony more credible than Turner's and relying on Smith's testimony in determining the amount of drugs for which Turner was accountable. Generally, the credibility of witnesses is within the sole province of the fact finder and is not susceptible to review. Cf. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (applying this standard to credibility determination by jury). A trial court's factual findings at sentencing are reviewed for clear error. United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). In finding Smith's testimony more credible than Turner's testimony, the court noted that Smith's earlier false statements had always been understatements of others' illegal drug activities. Moreover, the court noted that aspects of Turner's testimony were inherently unbelievable. We find that the district court carefully considered both witnesses' testimony and did not clearly err by relying on Smith's testimony to determine that Turner was accountable for sentencing purposes for five to less than fifteen kilograms of cocaine.

For these reasons, in Appeal No. 95-5907, we affirm Wood's sentence and in Appeal No. 95-5559, we affirm Turner's sentence. We

4

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 95-5907 - <u>AFFIRMED</u>
No. 95-5559 - <u>AFFIRMED</u>

5